PREGERSON, Circuit Judge,
dissenting:
I dissent. This is but one of a multitude of similar sad cases by which our government’s deportation of undocumented parents results in the deportation of their American-born citizen children, and effectively denies those children their birthrights. See Cerrillo-Perez v. INS, 809 F.2d 1419, 1426-27 (9th Cir.1987) (Requiring the government to conduct individualized analyses of hardships to U.S. citizen children). Our government’s conduct forces U.S. citizen children to accept de facto expulsion from their native land or give up their constitutionally protected right to remain with their parents. See, e.g., Moore v. City of E. Cleveland, 431 U.S. 494, 503-05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) (“Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation’s history and tradition.”); Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that “[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment”).
To make matters worse, our Byzantine immigration laws and administrative regulations are second or third in complexity to the Internal Revenue Code. Petitioners seeking to legalize their presence are often forced to navigate this legal labyrinth alone, or with inadequate representation. In the vast majority of immigration cases before us, those who attempt to establish a productive life in this country fall prey to unscrupulous networks of notarios and appearance lawyers who constantly cheat immigrant clients and their families out of their hard-earned money. This state of affairs is a national disgrace, of which our government is well aware.
I hope and pray that soon the good men and women who run our government will craft a system that will assure that applicants like Petitioner are represented by competent counsel in every case, and that they will ameliorate the plight of families like Petitioner’s and give us humane laws that will not cause families to disintegrate.